UNITED STATES COURT OF APPEALS
FOR THE
FIRST CIRCUIT

_____

Case No. 23-2000

US GHOST ADVENTURES, LLC,

*Plaintiff-Appellant,*

v.

MISS LIZZIE'S COFFEE LLC; JOSEPH PEREIRA, Individually,

*Defendants-Appellees.*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, BOSTON, IN CASE NO. 1:23-CV-12116-LTS
HONORABLE LEO T. SOROKIN, U.S. DISTRICT JUDGE
_____

MOTION OF MATTHEW J. GINSBURG AND ASCENDANT LAW GROUP
<u>LLC TO WITHDRAW FROM REPRESENTATION OF DEFENDANTS-APPELLEES</u>

Pursuant to Fed. R. Civ. P. 11 (c), Local Rule 12.0 of the First Circuit Court of Appeal and Rule 1.16(a)(3), and (c) of the Massachusetts Rules of Professional Conduct, Matthew J. Ginsburg and the law firm of Ascendant Law Group LLC (collectively, "Ascendant Law"), co-counsel of record in this matter for Defendants-Appellees Miss Lizzie's Coffee LLC and Joseph Pereira ("Defendants-Appellees"), hereby move the Court for leave to withdraw their appearance in this action due to Defendants-Appellees' termination of the attorney-client relationship with Ascendant Law. Plaintiffs-Appellants filed their opening brief in this appeal on or about March 25, 2024, and Defendants-Appellees' responsive brief is thus currently due on or about April 24, 2024. In support of this motion, Ascendant Law states as follows.

1

**Standard for Withdrawal**

Under Local Rule 12.0 (b), consent of the Court is required for withdrawal of counsel who has entered an appearance in this Court, and such consent is likewise required under Rule 1.16 (c) of the Mass. Rules Prof. Conduct, where substitute counsel is not simultaneously filing an appearance. *See* First Circuit LR 12.0 (b), Rule 1.16(c), Mass. Rules Prof. Conduct ("If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.").

"In cases where permissive withdrawal is sought, 'the grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court.'" Hammond v. T.J. Litle & Co., 809 F. Supp. 156, 159 (D. Mass. 1992) *quoting* Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985), cert. denied sub nom Andrews v. Bechtel Corp., 476 U.S. 1172, 106 S. Ct. 2896, 90 L. Ed. 2d 983 (1986). In exercising its discretion whether to permit an attorney to withdraw, courts look to the criteria in disciplinary rules generally applicable to practicing attorneys. Rule 1.16(b) of the Massachusetts Rules of Professional Conduct ("MRPC") sets forth grounds for withdrawal that are applicable in this case:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
> . . . (3) the lawyer is discharged.

See Rule 1.16(a), MRPC.

Under MRPC 1.16 (c), "if permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission." *See* Rule 1.16 (c).

2

**Request for Permission to Withdraw**

Ascendant Law respectfully suggests that good cause exists for permitting its attorney to withdraw his appearance in this action, because here, the client has "discharged" counsel, and does not wish for counsel to continue in the case.

In further support, Ascendant Law notes that it has (a) agreed to make all appropriate client files available, and (b) stated its availability to assist in the transition of the case to new counsel. See Hammond, 809 F. Supp. at 162 (permitting withdrawal where attorneys "fulfilled the firm's professional responsibilities in requesting withdrawal"). [1] Defendants-Appellees have terminated Ascendant Law's representation, and thus, counsel has no choice but to seek withdrawal from further activity in this appeal.

WHEREFORE, Matthew J. Ginsburg and Ascendant Law Group LLC respectfully request the Court to grant their Motion to Withdraw from representation of Defendants-Appellees Miss Lizzie's Coffee LLC and Joseph Pereira in this matter.

---

[1] In Hammond, the court looked to the principles stated in Disciplinary Rule 2-110, which -- in language that is quite similar to Mass. R. Prof. Conduct 1.16(d) and (e) -- provides as follows:

> [A] lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

Hammond, 809 F. Supp. at 159-60, quoting Disciplinary Rule 2-110.

                                                Respectfully submitted,

                                                MATTHEW J. GINSBURG,

Dated: April 8, 2024                  /s/ Matthew J. Ginsburg
                                                Matthew J. Ginsburg, Esq. (BBO#641089)
                                                ASCENDANT LAW GROUP LLC
                                                2 Dundee Park Drive, Suite 102
                                                Andover, MA 01810
                                                Tel.: (978) 409-6238
                                                mg@ascendantlawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 8, 2024.

                                                /s/ Matthew J. Ginsburg
                                                Matthew J. Ginsburg