UNITED STATES COURT OF APPEALS
FOR THE
FIRST CIRCUIT

---

Case No. 23-2000

US GHOST ADVENTURES, LLC,

*Plaintiff-Appellant,*

v.

MISS LIZZIE'S COFFEE LLC; JOSEPH PEREIRA, Individually,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS, BOSTON, IN CASE NO. 1:23-CV-12116-LTS
HONORABLE LEO T. SOROKIN, U.S. DISTRICT JUDGE

---

MOTION OF DANIEL J. LARSON AND LARSON LAW LLC
TO WITHDRAW FROM REPRESENTATION OF DEFENDANTS-APPELLEES

Pursuant to Fed. R. Civ. P. 11 (c), Local Rule 12.0 of the First Circuit Court of Appeal and Rule 1.16(a)(3), and (c) of the Massachusetts Rules of Professional Conduct, Daniel J. Larson and the law firm of Larson Law LLC (collectively, "Larson Law"), co-counsel of record in this matter for Defendants-Appellees Miss Lizzie's Coffee LLC and Joseph Pereira ("Defendants-Appellees"), hereby move the Court for leave to withdraw their appearance in this action due to Defendant-Appellees' termination of the attorney-client relationship with Larson Law. Plaintiffs-Appellants filed their opening brief in this appeal on or about March 25, 2024, and Defendants-Appellees' responsive brief is thus currently due on or about April 24, 2024. In support of this motion, Larson Law states as follows.

**Standard for Withdrawal**

Under Local Rule 12.0 (b), consent of the Court is required for withdrawal of counsel who has entered an appearance in this Court, and such consent is likewise required under Rule 1.16 (c) of the Mass. Rules Prof. Conduct, where substitute counsel is not simultaneously filing an appearance. *See* First Circuit LR 12.0 (b), Rule 1.16(c), Mass. Rules Prof. Conduct ("If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.").

"In cases where permissive withdrawal is sought, 'the grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court.'" Hammond v. T.J. Litle & Co., 809 F. Supp. 156, 159 (D. Mass. 1992) *quoting* Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985), cert. denied sub nom Andrews v. Bechtel Corp., 476 U.S. 1172, 106 S. Ct. 2896, 90 L. Ed. 2d 983 (1986). In exercising its discretion whether to permit an attorney to withdraw, courts look to the criteria in disciplinary rules generally applicable to practicing attorneys. Rule 1.16(b) of the Massachusetts Rules of Professional Conduct ("MRPC") sets forth grounds for withdrawal that are applicable in this case:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
> . . . (3) the lawyer is discharged.

See Rule 1.16(b), MRPC.

Under MRPC 1.16 (c), "if permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission." *See* Rule 1.16 (c).

**Request for Permission to Withdraw**

Larson Law respectfully suggests that good cause exists for permitting its attorney to withdraw his appearance in this action, because here, the client has "discharged" counsel, and does not wish for counsel to continue in the case.

In further support, Larson Law notes that it has (a) agreed to make all appropriate client files available, and (b) stated its availability to assist in the transition of the case to new counsel. See Hammond, 809 F. Supp. at 162 (permitting withdrawal where attorneys "fulfilled the firm's professional responsibilities in requesting withdrawal"). [1]  Defendants-Appellees have terminated Larson Law's representation, and thus, counsel has no choice but to seek withdrawal from further activity in this appeal.

WHEREFORE, Daniel J. Larson and Larson Law Group LLC respectfully request the Court to grant their Motion to Withdraw from representation of Defendant Joseph Pereira and Miss Lizzie's Coffee LLC in this matter.

Respectfully submitted,
DANIEL J. LARSON,

Dated: April 8, 2024                    /s/ Daniel J. Larson

---

[1] In Hammond, the court looked to the principles stated in Disciplinary Rule 2-110, which -- in language that is quite similar to Mass. R. Prof. Conduct 1.16(d) and (e) -- provides as follows:

> [A] lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

Hammond, 809 F. Supp. at 159-60, quoting Disciplinary Rule 2-110.

Daniel J. Larson (BBO #699104)
Larson Law LLC
12 Ericsson Street #201
Boston, MA 02122
Tel.: (617) 932-6169
dan@dlarsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 8, 2024.

/s/ Daniel J. Larson
Daniel J. Larson