# United States Court of Appeals
# For the First Circuit

No. 23-2000

US GHOST ADVENTURES, LLC
Plaintiff-Appellant

V.

MISS LIZZIE'S COFFEE, LLC; JOSEPH PEREIRA, Individually,
Defendants-Appellees,

July 10, 2024

## ANSWER BRIEF

WHEREAS, the Defendants-Appellees argue against the Plaintiff-Appellant's brief. FACT: On October 27, 2023, Judge Sorokin made several arguments in favor of Defendant's case and outlining the weaknesses of the Plaintiff's case. Defendant wishes the court to allow oral arguments which will allow Defendant to properly articulate our case.

WHEREAS, the Defendants wish to point out that Judge Sorokin asked Plaintiff's Attorney during the original hearing, "If the Defendant had opened his Coffee Shop at the train station instead, would the Plaintiff have had a problem with that"? The Plaintiff's Attorney answered, "No". Defendant wishes to argue that the Plaintiff has no right to dictate where exactly Defendant's coffee shop can be located. If the Defendant can open a mile away with no problem, why not next door?

WHEREAS, Defendant argues that the Plaintiff thinks that because they have a trademark on LIZZIE BORDEN, that they own and control the history, not just the name. The Defendant argues that no one can own the historical story of Lizzie Borden, even though the Plaintiffs tell their investors that they do. It is the Plaintiff's sales pitch to get investors. The mark is worth more if they own the story.

WHEREAS, the Defendant contends that as Judge Sorokin stated, Defendant's signs do not say LIZZIE BORDEN but "MISS LIZZIE'S COFFEE". It would make absolutely no sense for anyone to confuse the coffee shop with the Plaintiff's business. The Defendants have several clearly placed signs that state that there is no affiliation whatsoever in the two businesses.

WHEREAS, The Plaintiffs have stated that even the City of Fall River has contacted the Plaintiff about the confusion when in fact The Defendant has received correspondence from the City of Fall River Building Department Project Specialist Inspectional Services Brenda Beaudry stating that the Plaintiff's assertion was stretched and deceitful.

WHEREAS, the Defendant states that the Plaintiffs are just rehashing the same argument they gave at the first hearing and that they were in fact denied. The Defendant asserts that the Plaintiff is just trying to "bully" the Defendant into submission and the Plaintiff's real goal is to put the Defendant out of business by pushing the Defendant into bankruptcy.

WHEREAS, some of the Plaintiff's witnesses are paid by the Plaintiff, and Defendant asserts that as employees of the Plaintiff they are forced to go along with the narrative the Plaintiff desires. Further, the one witness, Wes Hozey, who Plaintiff says was a guest at the Bed & Breakfast has in fact received a "Free Week" as a special guest as payment for their affidavit. The Defendant respectfully asks the Court that upon oral arguments all the witnesses who have provided affidavits to the Plaintiff be compelled by the Court to have to testify in support of their witness statements and as such allow the Defendant to "cross examine" these witnesses. Defendant further asks the court to remind the witnesses that their statements are made under penalties of perjury.

WHEREAS, the Defendant states that one of these witnesses Richard Sheridan has tried to "Intimidate" the Defendant (WITNESS INTIMIDATION) by posting and distributing the Defendant's criminal record throughout the internet and sending copies to several vendors and agencies that the Defendant uses. Richard Sheridan in fact has relayed to the Defendant that he was instructed by the Plaintiff to intimidate the Defendant so the Defendant would go out of business through humiliation. This is in fact a criminal act by Richard Sheridan, a witness in a Federal Case. This is outrageous that a Defendant in a Federal Case can be intimidated like this. It seems the Plaintiff is "pulling all the stops" to bury the Defendant.

WHEREAS, The Defendant agreed with the suggestion of the "Mediator" Judge King, however the Plaintiff did not settle the affair even though Plaintiff agreed during the ZOOM Conference. Everything that was outlined in the agreement in front of Judge King was later changed by the Plaintiff.

The Defendant thanks the court for their consideration in this matter.

Respectfully Submitted,

JOSEPH PEREIRA, Defendant-Appellee