# United States Court of Appeals
## *for the*
## First Circuit

Case No. 23-2000

US GHOST ADVENTURES, LLC,

*Plaintiff-Appellant,*

v.

MISS LIZZIE'S COFFEE LLC; JOSEPH PEREIRA, individually,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS, BOSTON, IN CASE NO. 1:23-cv-12116-LTS
HONORABLE LEO T. SOROKIN, U.S. DISTRICT JUDGE

# **REPLY BRIEF OF APPELLANT**

Pietro Sanitate
Timothy Bechen
WOODS ROGERS VANDEVENTER
  BLACK PLC
901 East Byrd Street, Suite 1550
Richmond, Virginia 23219
(804) 343-5032

Genesis Guzman
DAY PITNEY LLP
1 Federal Street, 29th Floor
Boston, Massachusetts 02110
(617) 345-4695

*Counsel for Appellant*

COUNSEL PRESS    (800) 4-APPEAL • (810751)

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

REASONS WHY ORAL ARGUMENTS SHOULD NOT BE HEARD ................. 1

APPELLEE JOSEPH PERIERA WAIVED ALL LEGAL ARGUMENTS ............. 1

PRELIMINARY INJUNCTION APPLIES TO MISS LIZZIE'S COFFEE ............. 3

CONCLUSION .................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

Douglas v. US Airways Group, Inc.
    2011 U.S. Dist. LEXIS 49643 (W.D.N.C.2011) ................................................3

Giarratano v. Johnson,
    521 F.3d 298 (4th Cir 2008) ........................................................................3

Rivera-Gomez v. de Castro,
    843 F.2d 631 (1st Cir. 1988) .......................................................................3

United States v. Diggins,
    36 F.4th 302 (1st Cir. 2002) ........................................................................2

United States v. Gonzales,
    981 F.3d 11 (1st Cr. 2020), cert denied,
    -- U.S. --, 141 S. Ct. 1710, 209 L.Ed.2d 47 (2021) .........................................2

United States v. Zannino,
    895 F.3d 1 (1st Cir. 1990) .......................................................................2, 3

## REASONS WHY ORAL ARGUMENTS SHOULD NOT BE HEARD

Pursuant to Local Rule 34.0, Appellant submits oral arguments should not be heard in the present Appeal. Where Appellant previously requested oral arguments, in view of the Appellee's answer brief, Appellant respectfully withdraws that request and at least for the reasons noted below submits oral arguments should not be heard. The July 11, 2024 Order noted Appellee Miss Lizzie's Coffee will not be heard at oral arguments. For reasons outlined below, the July 10, 2024 Answer Brief of Appellee Joseph Pereira was completely non-responsive and Appellee has legally waived his response. Appellee Periera, if allowed to appear at oral arguments, would by default be representing Miss Lizzie's Coffee, in direct contravention of multiple court orders. For reasons also outlined below, the present issue on Appeal regarding a preliminary injunction applies solely to Appellee Miss Lizzie's Coffee as it is the only party accused of active trademark infringement.

## APPELLEE JOSEPH PERIERA WAIVED ALL LEGAL ARGUMENTS

On July 10, 2024, Appellee Joseph Periera filed what he labels an "Answer Brief." This Brief does not include legal arguments, but makes multiple unsubstantiated (and factually incorrect) claims.

At best, the Appellee's Brief suggests that arguments could have been made, but fails to make them. Appellee falls short of articulating any actual legal arguments in response to the content contained in Appellant's Brief.

Appellee states, in Paragraph 1, that "Defendant wishes the court to allow oral arguments which will allow Defendant to properly articulate our case." (Br. at p. 1). Appellee states, in Paragraph 2, that "Defendant wishes to argue that the Plaintiff has no right to dictate where exactly Defendant's coffee shop can be located." (Br. at p. 1).

A proper brief presents these actual arguments. Instead, at best, Appellee has merely mentioned possible arguments.

United States v. Diggins, 36 F.4th 302 (1st Cir. 2002), is instructive as to how the Court treats a brief that omits actual arguments. In Diggins, Appellee sought to challenge an evidentiary ruling, but Appellee "fails to develop this argument in his brief, mentioning it only in his statement of the issues and then (obliquely) in his summary of the argument and articulation of the standard of review." Id. at 319.

This court has "repeatedly made [it] clear that a party waives an argument when it 'neither develops the argument nor accompanies it with even a shred of authority.'" Id. at 319 (citing United States v. Gonzales, 981 F.3d 11, 23 (1st Cr. 2020), cert denied, -- U.S. --, 141 S. Ct. 1710, 209 L.Ed.2d 47 (2021)).

The court further notes 'it is not enough to merely mention a possible argument in the most skeletal way, leaving the court to do counsel's work …" Id. at 319 (citing United States v. Zannino, 895 F.3d 1, 17 (1st Cir. 1990)). Rather, "a litigant has an obligation to spell out its argument squarely and distinctly, or else

2

forever hold its peace." Id. at 319 (citing Zannino quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

Additionally, while filings by a *pro se* party are construed liberally, even a *pro se* litigant must still plead more than labels and conclusions. Giarratano v. Johnson, 521 F.3d 298 at 304 (4th Cir 2008). In addition, the court cannot advocate on behalf of the *pro se* party and cannot infer or develop claims or arguments they failed to fully raise and/or articulate. Douglas v. US Airways Group, Inc. 2011 U.S. Dist. LEXIS 49643, *8 (W.D.N.C.2011).

Appellee's brief lacks any actual legal arguments. Accordingly, Appellee has waived any and all rights to these or any other arguments. Appellee is thus ineligible for attendance at an oral hearing because Appellee lacks any arguments that can be properly supported by his July 10, 2024 Brief.

## **PRELIMINARY INJUNCTION APPLIES TO MISS LIZZIE'S COFFEE**

In the original complaint filed in the underlying litigation, (Appx. at A7-A25), Appellant expressly stated the grounds for Trademark Infringement for both Defendants and delineated the relationships between these Defendants, Miss Lizzie's Coffee and Joseph Periera in his individual capacity.

In the original complaint, Paragraph 17 states "In August 2023, Defendant opened "Miss Lizzie's Coffee," located at 242 Second Street in Fall River, Massachusetts." (Appx. at A11). This paragraph includes the footnote:

3

> Miss Lizzie's Coffee LLC was issued a Certificate of Organization by the Commonwealth of Massachusetts dated September 11, 2023. This occurred nearly one month after the opening of "Miss Lizzie's Coffee" and its use of the Infringing Marks and its offering of the Infringing Services began. For each and every infringing act that occurred prior to that date, Plaintiff seeks to recover against Mr. Joseph Periera individually

(Appx. at A11).

The issue on Appeal is whether the District Court erred in denying Appellant's Motion for Preliminary Injunction. As the Preliminary Injunction relates to on-going commercial activities, e.g. all activities occurring after September 11, 2023, the party that was fundamentally required to submit argument to address these issues was Miss Lizzie's Coffee. Or stated alternatively, Joseph Periera is a party to the lawsuit for activities performed prior to September 11, 2023 and as such any Preliminary Injunction would not apply to him in his individual capacity, and he is wholly unable to provide any legal argument on behalf of Miss Lizzie's Coffee.

Appellee states in his brief, Paragraph 1, that "Defendant wishes the court to allow oral arguments which will allow Defendant to properly articulate **our** case." (Opp. at p. 1)(emphasis added). This brief was filed on behalf of Mr. Periera in his individual capacity and he would thus seek to *properly articulate his* case. Put simply, Mr. Pereira has provided no legal argument addressing the principles of law articulated in Appellant's brief, to say nothing of Miss Lizzie's Coffee, an entity that, as this Court has ordered, will not be heard for the purposes of this appeal,

4

despite being the entity against which the preliminary injunction at issue in this case was sought.

Were the Court to grant oral argument for Mr. Periera to attend, he would in-fact be arguing not in his individual capacity, but instead on behalf of the business, Miss Lizzie's Coffee. Miss Lizzie's Coffee has failed to acquire legal representation and technically is still represented by Mssrs. Larson and Ginsburg. Mr. Periera attending oral argument and attempting to impermissibly represent the interests of Miss Lizzie's Coffee would be in direct contravention of the Court's clearly stated order on April 10, 2024 that appellee Miss Lizzie's Coffee "must retain new counsel in order to remain a participant in this appeal" and would contradict the Court's order on July 11, 2024 that Miss Lizzie's Coffee will not be heard at oral argument.

## **CONCLUSION**

In sum, Appellant contends that the District Court abused its discretion in failing to find a likelihood of confusion and in failing to grant a preliminary injunction. As Appellees have provided no argument addressing any of the arguments or legal principles articulated in Appellant's Brief, Appellant submits that said arguments have been waived and respectfully requests that this Court further waive oral argument, vacate the District Court's Order, and remand with instructions to grant an appropriate preliminary injunction or, alternatively, to consider whether the other elements for granting injunctive relief are satisfied.

5

/s/ Pietro Sanitate
Pietro Sanitate
Timothy Bechen
WOODS ROGERS VANDEVENTER
 BLACK PLC
901 East Byrd Street, Suite 1550
Richmond, Virginia 23219
(804) 343-5032

Genesis Guzman
DAY PITNEY LLP
1 Federal Street, 29th Floor
Boston, Massachusetts 02110
(617) 345-4695
*Counsel for Appellant*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,050 words.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in a 14-point Times New Roman font.

Dated:  August 1, 2024

/s/ Pietro Sanitate
Pietro Sanitate

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system, which electronically served a copy on all counsel of record.

Dated: August 1, 2024

/s/ Pietro Sanitate<br>
Pietro Sanitate